**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**TIFFANY ROLLINS**                                                                 **PLAINTIFF**


**v.**                                   **NO. 3:20-cv-00239 PSH**


**KILOLO KIJAKAZI, Acting Commissioner**                              **DEFENDANT**
**of the Social Security Administration**


## MEMORANDUM OPINION AND ORDER

In this Social Security disability case, plaintiff Tiffany Rollins
("Rollins") maintains that the findings of an Administrative Law Judge
("ALJ") are not supported by substantial evidence on the record as a
whole.[1] Rollins so maintains for two reasons, one of which is that the ALJ
erred when she failed to resolve an apparent conflict between the

---

[1]     The question for the Court is whether the ALJ's findings are supported by
"substantial evidence on the record as a whole and not based on any legal error." See
Sloan v. Saul, 933 F.3d 946, 949 (8th Cir. 2019). "Substantial evidence is less than a
preponderance, but enough that a reasonable mind would accept it as adequate to
support the [ALJ's] conclusion." See Id. "'Legal error may be an error of procedure,
the use of erroneous legal standards, or an incorrect application of the law.'" See Lucus
v. Saul, 960 F.3d 1066, 1068 (8th Cir. 2020) (quoting Collins v. Astrue, 648 F.3d 869,
871 (8th Cir. 2011) (citations omitted)).

testimony of a vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT").

A disability claim is evaluated using a five step sequential evaluation process, the last step of which requires the ALJ to show, inter alia, that the claimant can perform other types of work. See Crawford v. Colvin, 809 F.3d 404 (8th Cir. 2015). In making the showing, the ALJ may rely upon a VE's testimony in response to "a properly formulated hypothetical question," see Gann v. Berryhill, 864 F.3d 947, 952 (8th Cir. 2017), but the testimony must "generally be consistent with the DOT." See Peters v. Berryhill, 4:16-cv-01342 PLC, 2018 WL 1858159, 2 (E.D.Mo. 2018). Social Security Ruling 00-4p requires the ALJ to ask the VE about any possible conflicts between the VE's testimony and the DOT. See Moore v. Colvin, 769 F.3d 987 (8th Cir. 2014). "[T]he responsibilities of the ALJ do not end there," though. See Id. at 989.

> ... If there is an "apparent unresolved conflict" between VE testimony and the DOT, the ALJ must "elicit a reasonable explanation for the conflict" and "resolve the conflict by determining if the explanation given [by the expert] provides a basis for relying on the [VE] testimony rather than on the DOT information." SSR 00–4p, 2000 WL 1898704, at 2–4 (Dec. 4, 2000). The ALJ is not absolved of this duty merely because the VE responds "yes" when asked if her testimony is consistent with the DOT. See Kemp v. Colvin, 743 F.3d 630, 633 (8th Cir.2014) (remanding denial of benefits because "the record

does not reflect whether the VE or the ALJ even recognized the possible conflict between the hypothetical" and the recommended job).

A VE must offer an explanation for any inconsistencies between her testimony and the DOT, which the ALJ may accept as reasonable after evaluation. See Welsh v. Colvin, 765 F.3d 926, 930 (8th Cir.2014) (concluding that the ALJ had complied with SSR 00–4p because, in response to extensive questioning by the ALJ regarding inconsistencies, the VE offered evidence of her personal observations of the requirements of the proposed jobs and cited to a professional journal to support her recommendation). Absent adequate rebuttal, however, VE testimony that conflicts with the DOT "does not constitute substantial evidence upon which the Commissioner may rely to meet the burden of proving the existence of other jobs in the economy a claimant can perform." Kemp, 743 F.3d at 632.

See Id. at 989–990.

In this case, a VE testified during the administrative hearing. The ALJ began her questioning of the VE by stating that Rollins has no past relevant work. The ALJ then asked, and the VE answered, the following questions:

[ALJ:] All right. So, Mr. Poor, sedentary exertion as defined in regulations. Occasionally reach overhead bilaterally. Frequently but not constantly handle and finger bilaterally. Must avoid work in direct sunlight.

And for the first hypothetical, there are no mental limitations. In your opinion, are there jobs in the national economy? And you need to give me one job, one or two, because I'll ask a second hypothetical.

[VE:] I understand. Yes. An individual with a profile as detailed in the hypothetical could perform a significant number of different jobs that exist in significant numbers.

An example would be what the DOT calls a sorter, ... which has a code of 521.687-086, ...

[ALJ:] All right, thank you. Now, if I limit this individual to—they have the same, same age, same education, same work experience. All the limitations I already gave you in the hypothetical one except I'm adding the following:

This individual can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl. Cannot climb ladders. Must avoid hazards which would include unprotected heights and dangerous moving mechanical parts.

And this individual is also limited to unskilled work where they can perform simple, routine, and repetitive tasks. They can make simple work related decisions. They can concentrate, persist, and maintain pace with normal breaks. They require incidental impersonal contact with simple, direct, and concrete supervision.

First, could that person still perform the job of a, of a sorter?

[VE:] Yes.

[ALJ:] In addition, would there be a second job that also could be performed?

[VE:] Yes. An example of such a job would be what the DOT calls an optical goods worker, which has a code of 713.684-038, and is classified as sedentary, ...

[ALJ:] All right. However, if you have an individual, same age, same education, same work experience. This individual requires frequently unscheduled breaks at will or they're going

4

to miss work or be late more than twice per month, or they may be off task 10 to 15 percent of the day.

In any of those scenarios, would that eliminate all jobs in the national economy?

[VE:] In my opinion it would.

[ALJ:] <u>Is your testimony consistent with the DOT and its companion publication?</u> <u>And in particular, I'd like you to comment regarding the occasional reaching overhead</u>.

[VE:] <u>Occasional reaching overhead is not addressed in the *Dictionary of Occupational Titles*. And so, any opinions I've expressed that involve reaching overhead stems from my professional training and years of experience in the field</u>.

[ALJ:] All right. And as to the remainder of your testimony, is it consistent with the DOT?

[VE:] It is, yes.

...

<u>See</u> Transcript at 58-61. (Emphasis added).

The ALJ assessed Rollins' residual functional capacity and found that Rollins is capable of sedentary work with limitations that include the following: "she can occasionally reach overhead bilaterally ..." <u>See</u> Transcript at 14. The ALJ relied upon the VE's responses to the hypothetical questions and found at step five that an individual with Rollins' limitations would be able to work as a sorter and optical goods worker. In so finding,

the ALJ found that the VE's testimony was "consistent with the information

contained in the [DOT]." See Transcript at 21.

Rollins' assertion of error requires the Court to re-enter the

"reaching" morass that has sometimes resulted in inconsistent decisions on

the issue.[2] Specifically, the assertion requires the Court to consider

whether the ALJ could properly rely upon the VE's testimony that an

---

[2]     In Bass v. Saul, No. 3:20-cv-00167-BD, 2021 WL 1813181 (E.D.Ark. 2021), United
States Magistrate Judge Beth Deere addressed the "reaching" conflict that is ongoing
in this Circuit. She outlined the conflict as follows:

> ... There are a number of cases involving reaching conflicts in this Circuit,
> and the decisions are not all aligned. Where an ALJ fails to ask the VE
> about an apparent conflict or where a VE responds that she relied on her
> experience to resolve the conflict, courts have reversed. See Montoya v.
> SSA, 2019 U.S. Dist. LEXIS 99311, 4–5, 2019 WL 2482719 (E.D.Ark., June
> 13, 2019) (VE's statement that his testimony was "based on [his]
> experience" does not suffice); Humphrey v. Berryhill, 2019 U.S. Dist. LEXIS
> 50243, 18, 2019 WL 1359286 (E.D.Mo. March 26, 2019)(the VE provided
> "no insight into the conflict" or how to resolve it). Cursory or incomplete
> explanations from the VE are insufficient to support an ALJ's step-five
> decision. However, where the VE provides more detail about his
> qualifications and experience, as well as his knowledge of how identified
> jobs are actually performed, the VE's testimony is sufficient. Jones-
> Brinkley v. SSA, 2021 U.S. Dist. LEXIS 20302, 6–7, 2021 WL 371689 (E.D.Ark.
> Feb. 3, 2021) (VE may rely on his judgment and experience with the jobs
> in question to resolve any possible conflict); Porter v. Berryhill, 2018 U.S.
> Dist. LEXIS 37141 42, 2018 WL 1183400 (W.D.Mo. Mar. 7, 2018) (VE's
> response that his testimony was "supplemented by his knowledge and
> experience of human resources and work practices in business and
> industry" was sufficient to resolve the conflict with respect to reaching);
> Yeley v. Berryhill, 2018 U.S. Dist. LEXIS 154465, 26–28, 2018 WL 4333617
> (E.D.Mo. Sept. 11, 2018); Smith v. SSA, 2020 U.S. Dist. LEXIS 240226, 7,
> 2020 WL 7588580 (E.D.Ark. Dec. 22, 2020). When an ALJ directly questions
> a VE about the conflict, and the VE gives thorough answers, the bar is
> cleared.

See Id., 2021 WL 1813181, 3.

individual who can only occasionally reach overhead bilaterally would be able to work as a sorter and optical goods worker, jobs that require frequent reaching. See DICOT 521.687-086, 1991 WL 674226 (sorter); DICOT 713.684-038, 1991 WL 679267 (optical goods worker). Having reviewed the various "reaching" decisions, and having recently addressed the issue in Watson v. Kijakazi, No. 2:20-cv-00170-PSH, 2021 WL 3620295 (E.D.Ark. 2021), the Court finds it best to order a remand in this case and obtain some clarification.

The Court has difficulty embracing the proposition that occasional reaching overhead is not addressed in the DOT, as the VE testified. Although the phrase "occasional reaching overhead" is not specifically addressed, the terms "reaching" and "frequently" are. "Reaching" is defined in the Selected Characteristics of Occupations, a DOT companion publication, as "extending the hands and arms in any direction." See Kemp v. Colvin, 743 F.3d at 632. The DOT descriptions of sorter and optical goods worker provide that "frequently" means that the act is done "1/3 to 2/3 of the time." See 1991 WL 674226 (sorter), 1991 WL 679267 (optical goods worker). At a minimum, an apparent unresolved conflict exists between the VE's testimony that an individual who can only occasionally reach overhead bilaterally would be able to work as a sorter and optical goods,

and the DOT description of the jobs, both of which require frequent reaching.

The Court is not prepared to find that the ALJ adequately resolved the apparent unresolved conflict between the VE's testimony and the DOT's description of the jobs of sorter and optical goods worker. The VE explained why he could testify that the jobs, although requiring frequent reaching, do not require more than occasional reaching overhead, that being, his "knowledge of the job." It is admittedly a close question whether the VE's explanation provides an adequate basis for relying on his testimony, and there is authority to support different views. Having weighed the prevailing authority, the Court is not persuaded that the explanation provides an adequate basis for relying on his testimony.

The case at bar is unlike Watson v. Kijakazi, supra, a recent case in which the Court addressed the "reaching" issue. In that case, the ALJ determined that Watson could occasionally reach overhead bilaterally, and the VE identified two jobs Watson could perform, both of which require frequent reaching. During the administrative hearing, the ALJ and VE had the following exchange about the discrepancy:

> ALJ: "And your testimony thus far consistent with the DOT and where the DOT is silent such as to failing – fails to specifically

address occasional overhead reaching, that is based on your training, education, and experience in the field?"

[VE:] "Yes, Your Honor."

ALJ: "You've dealt with employees and employers where that limitation has been present?"

[VE:] "Yes, Your Honor."

See Id. at 2021 WL 3620295, at 4. The Court found that the ALJ adequately resolved the apparent unresolved conflict between the VE's testimony and the DOT's description of the jobs. The Court so found because the ALJ did not rest his decision on the VE's unexplained training, education, and experience. The ALJ inquired if the VE had personal experience with employees and employers dealing with the overhead reaching restriction. In the case at bar, though, the ALJ took no additional steps to explore the basis for the VE's testimony.

The case at bar is more like Montoya v. Social Security Administration, No. 3:18-cv-00091-JTK, 2019 WL 2482719 (E.D.Ark. 2019). In that case, an ALJ found that Montoya was limited to only occasional overhead reaching. A VE identified two jobs that could be performed by a hypothetical individual with limitations identical to Montoya's limitations, jobs that require frequent reaching. When the VE was asked if her

testimony was consistent with the DOT, she answered as follows: "It is, but I will state ... that the exception of the over – occasional overhead reach, the DOT does not address directional reaching. So that's based on my experience." See Id. at 2. The ALJ relied upon the VE's testimony and found that Montoya could perform the jobs. United States Magistrate Judge Jerome Kearney was not persuaded that the VE adequately explained the apparent conflict between her testimony and the DOT, noting that "[o]ne wonders what is based on experience and how that experience explains the conflict." See Id. (emphasis in original). In finding that a "more searching inquiry was required," he observed the following:

> The Eighth Circuit has held that a limitation to occasional overhead work conflicted with DOT jobs requiring frequent reaching. ... In a case of such conflict, the ALJ must obtain clarification from the VE about the conflict; here, the inquiry and response were insufficient. Rather than explain the jobs identified and the specific reaching requirements, the VE only responded that he relied on his experience to clear up the matter. He said the DOT was silent on overhead reaching but offered no support or citation to references for clarification. Thus, the ALJ's reliance on the VE's testimony was not supported by substantial evidence. ...

See Id. Judge Kearney's analysis is persuasive.

A more searching inquiry at step five would be beneficial in the case at bar. The VE should provide greater support for his testimony regarding

the extent of reaching required of a sorter and optical goods worker and whether a claimant with Rollins' limitations could perform the jobs.

Accordingly, the Acting Commissioner's final decision is reversed, and this case is remanded. The remand in this case is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991).[3]

IT IS SO ORDERED this 31st day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3]     Rollins also maintains that the ALJ failed to account for Rollins' migraine headaches in assessing her residual functional capacity and, as a part of making the assessment, failed to properly weigh the opinions of Dr. Rekha Pillai, M.D., ("Pillai"). The Court adopts the Acting Commissioner's analysis of this claim, <u>see</u> Docket Entry 18 at CM/ECF 5-12, and finds that substantial evidence on the record as a whole supports the ALJ's assessment of Rollins' residual functional capacity.